Eastern District of Kentucky
FILED

FEB 0 6 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

**UNITED STATES OF AMERICA**

**V.**                              **INDICTMENT NO.**(0:25-cr-11-REW-HAI

**CHARLES DAVID STONE and**
**ARNOLD COMBS**

\*   \*   \*   \*   \*

**THE GRAND JURY CHARGES:**

## COUNT 1
### 21 U.S.C. § 846

On or about February 13, 2024, in Perry County, in the Eastern District of Kentucky,

and elsewhere,

### CHARLES DAVID STONE and
### ARNOLD COMBS

did conspire with each other and others to knowingly and intentionally distribute 50 grams

or more of a mixture or substance containing a detectable amount of methamphetamine, a

Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of

21 U.S.C. § 846.

## COUNT 2
### 18 U.S.C. § 924(c)(1)(A)

On or about February 13, 2024, in Perry County, in the Eastern District of Kentucky,

### CHARLES DAVID STONE

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he

may be prosecuted in a Court of the United States, as set forth in Count 1, that is, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 3
### 18 U.S.C. § 924(c)(1)(A)

On or about February 13, 2024, in Perry County, in the Eastern District of Kentucky,

### ARNOLD COMBS

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 1, that is, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 924(c)(1)(A).

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d)(1)
### 28 U.S.C. § 2461

1.    By virtue of the commission of the felony offense alleged in Count 1 of the Indictment, **CHARLES DAVID STONE** and **ARNOLD COMBS** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 846 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 846. Any and all interest that **CHARLES DAVID STONE** and

**ARNOLD COMBS** have in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.    By virtue of the commission of the offense alleged in Count 2-3 of the Indictment, **CHARLES DAVID STONE** and **ARNOLD COMBS** shall forfeit to the United States any and all firearms and associated ammunition and accessories involved in or used, or intending to be used, in the violation of 18 U.S.C. § 924. Any and all interest that **CHARLES DAVID STONE** and **ARNOLD COMBS** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3.    The property to be forfeited includes, but is not limited to, the following:

> **CURRENCY:**
> $4,908 in United States currency seized from the Defendants on or about February 13, 2024.
>
> **FIREARMS AND AMMUNITION:**
> a.  .380 caliber Ruger Handgun, S/N 386-80799 seized from **ARNOLD COMBS** on or about February 13, 2024;
> b.  9mm Ruger Handgun, S/N 31641661 seized from **ARNOLD COMBS** on or about February 13, 2024;
> c.  20-gauge Escort Shotgun, S/N 70-H23PL-008187 seized from **ARNOLD COMBS** on or about February 13, 2024;
> d.  12-gauge SDS Shotgun, S/N 52-H21YD-6944 seized from **ARNOLD COMBS** on or about February 13, 2024;
> e.  .45 caliber m-1911 Rock Island Armory Handgun, S/N RIA2056652 seized from **CHARLES DAVID STONE** on or about February 14, 2024; and
> f.  Accessories and various ammunition, including two (2) bandolier ammo belts holding approximately fifty (50) rounds of 12-gauge ammunition and twenty-five (25) rounds of 20-gauge ammunition.

4.    If any of the property listed above, as a result of any act or omission of the Defendants, (A) cannot be located upon the exercise of due diligence; (B) has been

transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

FOREPERSON

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

## **PENALTIES**

### **COUNT 1:**

Not less than 5 years and not more than 40 years imprisonment, not more than a $5,000,000 fine, and at least 4 years of supervised release.

### **COUNTS 2 and 3:**

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.


**PLUS:**       Forfeiture of all listed property.

**PLUS:**       Mandatory special assessment of $100 per count.

**PLUS:**       Restitution, if applicable.